UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PORTER                                          CIVIL ACTION

VERSUS                                          CASE NO. 17-2256

DOLLAR GEN. CORP.                               SECTION: "G"(5)

## ORDER

Pending before the Court is Defendant Dollar General Corporation's ("Defendant") motion for summary judgment.[1] In the instant motion, Defendant alleges that it does not own, operate, manage, or control the store where Plaintiff Richard Porter ("Plaintiff") slipped and fell.[2] As a result, Defendant asserts that it is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56(a) on all of Plaintiff's claims.[3] No opposition has been filed. Having considered the motion, the memoranda in support, the record, and the applicable law, the Court will grant the motion.

## I. Background

*A. Factual Background*

According to Plaintiff's complaint, on or about July 30, 2013, Plaintiff slipped and fell due to a hole in a delivery incline ramp at a Dollar General Store in New Orleans, Louisiana.[4] As a result, Plaintiff alleges that he was severely injured.[5]

---

[1] Rec. Doc. 42.

[2] *Id.* at 1.

[3] *Id.* at 2.

[4] Rec. Doc. 1-1 at 2.

[5] *Id.*

1

*B. Procedural Background*

Plaintiff filed a complaint on June 27, 2016, in the Circuit Court of Hinds County, Mississippi, First Judicial District.[6] On August 8, 2016, Defendant filed a notice of removal and removed the action to the United States District Court for the Southern District of Mississippi, Northern Division.[7] On March 9, 2017, the United States District Court for the Southern District of Mississippi granted the Defendant's motion to transfer venue to the Eastern District of Louisiana. Plaintiff was sent notice via email on April 27, 2017, from the Court that filings in the Southern District of Mississippi were terminated when the case was transferred to the Eastern District of Louisiana, and Plaintiff must re-urge such filings for the Court to consider them.[8] On June 1, 2017, Defendant filed the instant motion for summary judgment, which was set for submission on July 5, 2017. Plaintiff has not filed any opposition, timely or otherwise, to Defendant's motion.

## **II. Parties' Arguments**

In a memorandum in support of the motion, Defendant alleges that Plaintiff has brought premises liability claims against it.[9] Defendant points to Louisiana Revised Statute 9:2800.6, which sets out a merchant's duty regarding slip and falls. Defendant then asserts, "Louisiana courts have long held that the 'merchant' is the store 'owner.'"[10]

---

[6] *Id.* at 1.

[7] Rec. Doc. 1.

[8] *See* e-mail from Judge Brown to Drayton Berkley, Matthew Miller, and Nicholas Thompson (April, 27, 2017, 02:20 CST).

[9] *Id.*

[10] *Id.* at 3 (citing *Thumfart v. Lombard*, 613 So. 2d 286, 289 n.3 (La. App. 4 Cir. 1993)).

2

Defendant then states that it does not and has never owned, occupied, or controlled the store where Plaintiff's fall occurred.[11] Instead, citing the affidavit of Jane Stutsman, Defendant alleges, "The store at issue was owned and operated by either Dolgencorp, LLC or DG Louisiana, LLC, at all relevant times, including when Porter's alleged incident occurred."[12] As a result, Defendant concludes that it "did not owe or breach any duty to [Plaintiff] regarding the premises . . . [and] is entitled to summary judgment on all of [Plaintiff's] claims, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure."[13]

### III. Legal Standard

Under Local Rule 7.5 of the Eastern District of Louisiana, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." As noted above, Plaintiff has not filed an opposition to the pending motion, either within the time-frame established by Local Rule 7.5 or otherwise. "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion."[14] Rather, considering the papers before it, the Court may grant only those unopposed dispositive motions that have merit.[15]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[11] Rec. Doc. 42-3 at 4.

[12] *Id.* (citing Rec. Doc. 42-1 at 2).

[13] *Id.*

[14] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350 (5th Cir. 1993).

[15] *See John v. State of La. (Bd. of Trustees for State Colleges and Universities),* 757 F.2d 698 (5th Cir. 1985); *Braly v. Trail,* 254 F.3d 1082 (5th Cir. 2001).

3

as a matter of law."[16] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[17] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[18] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[19]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[20] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[21] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that

---

[16] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[18] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[19] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[20] *Celotex,* 477 U.S. at 323.

[21] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (citing *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)).

evidence supports his claims.[22] In doing so, the non-moving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[23] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[24] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[25] Furthermore, it is well-established that "[u]nauthenticated documents are improper as summary judgment evidence."[26]

### IV. Analysis

As mentioned above, Plaintiff was sent notice via email on April 27, 2017, from the Court that filings in the Southern District of Mississippi were terminated when the case was transferred to the Eastern District of Louisiana, and Plaintiff must re-urge such filings for the Court to consider them.[27] Despite this notice, Plaintiff has not filed any opposition, timely or otherwise, to Defendant's motion. Thus, as long as Defendant's motion has merit, the Court may grant it.[28]

---

[22] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[23] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[24] *Little*, 37 F.3d at 1075.

[25] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[26] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[27] *See* e-mail from Judge Brown to Drayton Berkley, Matthew Miller, and Nicholas Thompson (April, 27, 2017, 02:20 CST).

[28] *See John,* 757 F.2d at 698; *Braly,* 254 F.3d at 1082.

In a complaint, Plaintiff states that Defendant owns and operates the store in which Plaintiff slipped and fell.[29] Defendant has stated that it does not own, occupy, or control the store where Plaintiff's injury occurred, and Defendant has offered the affidavit of Jane Stutsman, Defendant's Vice President of Risk Management, to support this contention.[30]

In *Duplantis v. Shell Offshore, Inc.*, the defendant filed a motion for summary judgment arguing that there was not a genuine issue of material fact that it did not own a greased board which caused plaintiff to slip and fall.[31] Moreover, the defendant submitted a number of affidavits, which either stated that the greased board was owned by another party or it was unknown who owned the board.[32] On appeal, the Fifth Circuit held, "[Defendant], by virtue of its motion supported by affidavits, has adequately pointed out that there is no indication that it was responsible for the grease covered board."[33] Because the plaintiff did not offer any admissible evidence in response to the defendant's motion, the Fifth Circuit found that there was not a genuine issue of material fact regarding the ownership of the board.[34]

Here, similar to the defendant in *Duplantis* claiming that it did not own the greased board, Defendant has filed a motion for summary judgment, along with a supporting affidavit, stating that it does not own the store at issue. As a result, it has "adequately pointed out that there is no indication that it was responsible" for the store.[35] In the complaint, Plaintiff provides no evidence

---

[29] *See* Rec. Doc. 1-1 at 2.

[30] Rec. Doc. 42-3 at 4 (citing Rec. Doc. 42-1 at 2).

[31] 948 F.2d at 190.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 193–94.

[35] *Id.*

to support its claim Defendant owned the store.[36] Moreover, Plaintiff has not filed any opposition, timely or otherwise to Defendant's motion. As a result, Plaintiff has not met his burden of showing that there is a genuine issue of material fact, and Defendant's motion for summary judgment has merit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment[37] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this  5th  day of December, 2017.

*Nannette Jolivette Brown*
 **NANNETTE JOLIVETTE BROWN**
 **UNITED STATES DISTRICT JUDGE**

---

[36] Rec. Doc. 1-1 at 2.

[37] Rec. Doc. 42.